## 64708. THOMPSON v. THE STATE.

BIRDSONG, Judge.
Lorenzo Thompson was convicted of two counts of violations of the Controlled Substances Act by selling cocaine to an undercover agent. He was sentenced to serve five years on each, consecutively. Thompson brings this appeal enumerating three alleged errors. *Held:*

1. In his first enumeration of error, Thompson complains the trial court improperly curtailed cross-examination of the undercover agent. During cross-examination of this witness, counsel for Thompson sought to impeach the witness by reference to discrepancies between the witness' testimony at a preliminary hearing and at trial. The trial court sustained the state's objection that counsel was required to present the witness with a transcript of the earlier testimony or at least read it to him to give him an opportunity to correct his testimony or stand impeached. Moreover, the trial court did not restrain counsel from cross-examination in an appropriate manner for counsel was at liberty to inquire as to the witness' recollection of his prior testimony. The trial court did not err in requiring the defense to lay the proper foundation before allowing impeachment by prior inconsistent testimony. *Carter v. State,* 244 Ga. 803, 806 (262 SE2d 109); *Sell v. State,* 156 Ga. App. 333, 335 (274 SE2d 723). Counsel for appellant did not avail himself of the right to properly pursue this line of the cross-examination. We find no error.

2. In his second enumeration, Thompson urges the trial court erroneously charged the jury on constructive possession. Though the state's witness was positive that Thompson alone had negotiated the sale of cocaine on both occasions, both delivering the cocaine and accepting the money, appellant's testimony at least raised the possibility that others were present and that possibly one of the others present on one occasion delivered the cocaine to the agent. Such evidence clearly raised the principle of accessory to a crime and authorized a charge on actual and constructive possession. *Osborn v. State,* 161 Ga. App. 132 (291 SE2d 22). Even slight evidence will

justify a charge even though the great preponderance of evidence tends to show the nonexistence of such fact. *Heard v. State,* 149 Ga. App. 92, 93 (253 SE2d 454).

3. In his last enumeration, Thompson claims error in the refusal to give a requested charge. Appellant's requested charge was covered fully by the court's charge on reasonable doubt, burden of proof, presumption of innocence, that he either sold or caused to be sold the cocaine, and that the mere presence at the scene is not sufficient to convict. Thus the request was fairly presented to the jury in the actual charge of the court. *Booker v. State,* 247 Ga. 74 (274 SE2d 334); *Frazier v. State,* 150 Ga. App. 343, 344 (3) (258 SE2d 29). Moreover, in light of the facts of the case, the requested charge was argumentative and as such properly was rejected by the court. See *Lewis v. State,* 196 Ga. 755, 760 (3) (27 SE2d 659); *Royal v. State,* 158 Ga. App. 405 (280 SE2d 427).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 29, 1982.

*John C. Tyler,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Michael Whaley, Margaret V. Lines, Assistant District Attorneys* for appellee.