## 66372. CURTIS v. THE STATE.

SHULMAN, Chief Judge.

Indicted for burglary, rape, and aggravated assault, appellant was convicted of aggravated assault, acquitted of burglary, and granted a mistrial on the rape charge.

1. During cross-examination of the police officer who had conducted a photo identification with the victim, appellant's counsel brought out the fact that the victim had already identified appellant by name before seeing the photographs. Counsel then asked, "So you weren't surprised when she picked out his picture, she already knew his name, is that right?" When the witness replied, "No, sir, after doing some research on this name, I was not surprised at all when she picked out his picture," counsel moved for a mistrial on the ground that the witness had put appellant's character in issue by a nonresponsive answer. We find no error in the trial court's denial of the mistrial.

In the first place, the answer was not nonresponsive. Counsel asked whether the witness was surprised by the identification and he responded that he was not. In the second place, the only prejudicial interpretation of the witness' answer that appellant advances was that appellant's name and picture appeared in police files. Accepting that interpretation, we still find no error. Testimony that a criminal defendant's name and picture are on file with a police department does not put that defendant's character in issue. *Grant v. State,* 161 Ga. App. 403 (2) (288 SE2d 118).

2. Three of appellant's enumerations of error concern allegedly improper argument to the jury by the prosecuting attorney. The record reveals that appellant failed to object to two of the purported improprieties, so any objection is now waived. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

The only portion of the prosecuting attorney's argument to which objection was made was a recounting by the prosecuting attorney of a portion of the testimony of the complaining witness. This enumeration is based on appellant's assertion that the prosecuting attorney misrepresented to the jury the testimony of that witness. Our review of the record shows that appellant is mistaken in his assertion that the testimony was not accurately recounted. It follows that the trial court committed no error in refusing to take action on appellant's objection.

3. Appellant's counsel was not permitted on voir dire to ask a prospective juror whether she would change her mind during deliberation if she found she was the only juror who had a reasonable doubt of the defendant's guilt. His enumeration of error with regard to that ruling is controlled adversely to appellant by the Supreme Court's decision in *Cobb v. State,* 244 Ga. 344 (6) (260 SE2d 60), in which it was held that the inquiry was a technical legal question concerning the presumption of innocence and its disallowance was not an abuse of discretion.

4. Appellant enumerates as error the trial court's instruction on identification testimony, arguing that it omitted an important guideline for jury deliberation on that issue. However, no request to charge on that issue was made and the omission was not "clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397). It follows that the allegedly defective charge does not require a reversal of appellant's conviction.

5. The final enumeration of error on this appeal raises the sufficiency of the evidence. Testimony by the victim that appellant beat her head with a hammer, coupled with testimony concerning the victim's head injuries and the presence of a hammer at the scene of the crime, was sufficient to convince a rational trier of fact of the essential elements of the crime of aggravated assault beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 13, 1983.

*G. Terry Jackson,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.