## 69580. KIRKLAND v. THE STATE.
(327 SE2d 808)

BENHAM, Judge.

Appellant brings this appeal from his conviction of the armed robbery of a Savannah store.

1. The victimized store clerk positively identified appellant as the man who entered the store, asked to use the restroom, and then pointed a gun at her and demanded the cash register receipts. The clerk said that the robber wore a T-shirt with the word "Skeet" inscribed on the back. Appellant admitted to police that his nickname was "Skeet," and a Savannah police officer testified that he knew of only one "Skeeter" or "Skeet" in Savannah and that that one person was appellant. The evidence presented was sufficient for a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-41.

2. Appellant cites as reversible error the trial court's failure to give a requested jury charge on robbery by intimidation. While robbery by intimidation is an offense included within armed robbery (see OCGA § 16-8-41 (a); *Kelly v. State*, 241 Ga. 190 (2) (243 SE2d 857) (1978)), a charge on the included offense was not required where the uncontradicted evidence showed completion of the offense of armed robbery. *Mallory v. State*, 166 Ga. App. 812 (2) (305 SE2d 656) (1983).

3. Following a recess which took place in the midst of the victim's testimony, appellant's counsel moved for a mistrial, contending that the rule of sequestration had been violated because the victim/witness had conversed with a spectator during the recess. Even if we were to assume that the witness discussed her testimony with the spectator, the trial court correctly denied appellant's motion. "Of course, the rule of sequestration was not violated as it only prevents a potential witness from being present in the courtroom while any other witness is testifying. OCGA § 24-9-61; [Cit.]" *Boyd v. State*, 168 Ga. App. 246 (5) (308 SE2d 626) (1983).

4. Appellant also takes issue with the victim's in-court identification of him as the perpetrator of the armed robbery. The witness positively identified appellant as the armed robber and testified that she had observed the robber in a lighted area from a distance of three feet for two periods of approximately three and five minutes. Thereafter, the witness testified that she had also identified appellant as the perpetrator in two previous court appearances, one of which was a preliminary hearing. It was at this point that counsel for appellant voiced an objection to the witness' testimony. Appellant argues that the witness' testimony concerning her prior identifications of appellant as the perpetrator impermissibly bolstered her in-court identification of

him. See *Walker v. State*, 250 Ga. App. 230 (2) (297 SE2d 33) (1982). In light of the independent basis contained in the record for the identification, any error which occurred was harmless. See *People v. Patterson*, 451 NYS2d 321 (1982).

5. In his last enumerated error, appellant seeks review of the denial of his motion for mistrial in which he had alleged that the assistant district attorney had introduced the issue of his bad character in her closing argument.

The argument appellant finds offensive recounted the fact that the investigating police officer was aware of no one other than appellant who used the nickname "Skeet" or "Skeeter," and that this knowledge was based upon the officer's experience on the street as well as a review of his records and files. Since "[t]estimony that a criminal defendant's name and picture are on file with a police department does not put that defendant's character in issue" (*Curtis v. State*, 168 Ga. App. 7 (1) (308 SE2d 31) (1983)), the reference to that testimony in closing argument is not reversible error.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 6, 1985.

*William O. Cox, John R. Calhoun,* for appellant.
*Spencer Lawton, Jr., District Attorney, Kay M. Jackson, David T. Lock, Assistant District Attorneys,* for appellee.