## 70534. FREEMAN v. THE STATE.
(335 SE2d 3)

BENHAM, Judge.

After his conviction for two counts of armed robbery, for which he was sentenced to life imprisonment and twenty years, to run consecutively, appellant filed a notice of appeal *pro se*. Although appellant failed to comply with an order of this court requiring that he file a brief and enumeration of errors, thereby subjecting this appeal to dismissal (Rule 14, Rules of the Court of Appeals of the State of Georgia), we have decided, in view of the fact that he is proceeding *pro se*, to review the record to determine whether any reversible error occurred at trial.

The victims of the robberies testified that appellant and another man entered the business where they worked and, after pretending to be there for business purposes, forced the two victims into a back room by threatening them with a gun and a knife. The robbers searched the business premises for money, then stole the victims' wallets. Both victims identified appellant from photographs in mug books, then from a more recent photograph in a pictorial lineup. At trial, both victims swore positively that appellant brandished a gun during the robbery. A police officer's testimony concerning the identifications corroborated that of the victims. A handwriting analyst who was permitted to testify as an expert testified that the writing on a form one of the robbers had partially completed bore significant resemblances to a known sample of appellant's writing and that it was very possible that appellant was the person who had written on the form. Appellant's counsel at trial conducted cross-examination of the prosecution witnesses, attempting to discredit their testimony, but without significant success.

After the state rested, appellant put on the testimony of alibi witnesses and then testified on his own behalf, supporting the alibi testimony. Following that testimony, the state presented rebuttal witnesses whose testimony discredited that of appellant's witnesses, showing that one of them was at work when she said she was with appellant and that another had made conflicting statements on an earlier occasion.

Our review of the evidence convinces us that a rational trier of fact could reasonably have found from the evidence adduced at trial that appellant was guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kirkland v. State*, 173 Ga. App. 687 (327 SE2d 808) (1985).

Our review also persuades us that no other error occurred at trial which would authorize the reversal of appellant's conviction.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1985.

Michael Freeman, *pro se.*
Sam B. Sibley, Jr., *District Attorney*, for appellee.