## 71833. SNOW v. THE STATE.
(344 SE2d 762)

BENHAM, Judge.

Appellant was convicted of rape, aggravated assault, and two counts each of aggravated sodomy, kidnapping, and armed robbery. His sole enumeration of error is the trial court's refusal to grant his motion for a continuance made on the date trial was to begin. Finding no error, we affirm the judgment of conviction.

Appellant was appointed counsel on March 27, 1985, several days after the crimes were committed. He was indicted on April 4, 1985. Appellant initially claimed he did not remember the crimes that took place. Counsel pursued discovery and filed motions on appellant's behalf, including a motion for psychiatric examination, which was granted on May 15, 1985. The case was called to trial on June 17, 1985, at which time appellant's counsel filed a motion for continuance, claiming that he had not had adequate time to prepare appellant's defense. In his supporting affidavit, appellant's counsel stated that on June 15, 1985, appellant told him "that [appellant] remembered the incident and that his claim of mental disorder and disease had been faked by appellant . . . [and that appellant's] defense [would] be that the alleged victims consented to all acts complained of in the indictment."

A motion for continuance based on counsel's claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court, and a ruling denying such a motion will not be interfered with unless the trial court abused its discretion in making the denial. *Cantrell v. State*, 154 Ga. App. 725 (2) (270 SE2d 12) (1980); OCGA § 17-8-22. Under the facts of this case, we find that no such abuse occurred.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 29, 1986.

*Jimmy J. Boatright*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Richard E. Currie*, Assistant District Attorney, for appellee.