22547

Connie Elaine STUKES, Appellant v. Alan Wayne HAWKINS, Respondent.

(343 S. E. (2d) 623)

Supreme Court

*Harold R. Lowery* of *Lowery, Hood & Thompson,* Anderson, *for appellant.*

*Charles W. Whiten, Jr.,* Anderson, *for respondent.*

May 12, 1986.

*Per Curiam:*

It is difficult for this Court to ascertain exactly what occurred in the family court because the statement of the case and the briefs of both parties are very unclear. It appears from the statement of the case that the family court judge issued two *ex parte* orders dealing with whether the respondent was in contempt for arrearages on child support and medical expenses or whether the respondent had purged himself of the contempt. While it is not at all obvious that these orders were issued *ex parte,* the parties are bound on appeal by the statement of the case. *Patel v. Southern Brokers, Ltd.,* 277 S. C. 490, 289 S. E. (2d) 642 (1982). It is well settled that *ex parte* orders are regarded with great disfavor in South Carolina. *Whittle v. Multiple Services, Inc.,* 283 S. C. 559, 324 S. E. (2d) 62 (1984); *Herring v. Retail Credit Co.,* 266 S. C. 455, 224 S. E. (2d) 663 (1976). The family court erred by issuing these orders without notice to the appellant.

The family court shall hold a *de novo* hearing in open court to address the appellant's claim that the respondent is in arrears and the respondent's contention that he is current on his payments and has written proof of this. This hearing shall be held in open court after proper notice is given to both parties. All portions of the family court's orders of August 2, 1984 and October 1, 1984 which deal with whether or not the husband is in arrears are vacated. This issue shall be determined only after the *de novo* hearing is held and an order is issued by the judge. Each party shall bear his or her own costs in this appeal.

Vacated in part and remanded.

A. LEE CHANDLER, J., not participating.