1245

Carolyn S. Ashmore WILLIAMS, Appellant v. Alvis Earl ASHMORE, Respondent.

(374 S. E. (2d) 515)

Court of Appeals

*William J. Barnes*, Greenville, *for appellant.*

*Timothy L. Brown*, Greenville, *for respondent.*

Heard Oct. 11, 1988.

Decided Nov. 14, 1988.

*Per Curiam:*

Appellant Carolyn S. Ashmore Williams brought suit seeking to collect an alleged arrearage in child support from her former husband, respondent Alvis Earl Ashmore. She also sought attorney fees and to have him held in contempt of court. Mr. Ashmore answered, denying responsibility for the alleged arrearage, and counterclaimed, seeking a permanent reduction in the amount of child support. He also sought attorney fees based upon his further allegation that the aspect of her suit seeking to have him held in contempt of court "lacks any merit." The Family Court reduced the amount of child support, refused to hold Mr. Ashmore in contempt of court and denied both parties attorney fees. The Court ordered Mr. Ashmore to pay an arrearage in child support but in an amount substantially less than the amount claimed by Mrs. Williams. We reverse and remand.[1]

The order of the Family Court was explicitly based on two earlier orders of the Court. The two earlier orders purport to temporarily relieve Mr. Ashmore from having to pay the full

---

[1] Mrs. Williams also appeals the order of the Family Court settling the record. However, it is unnecessary to the result we reach for us to decide this appeal.

amount of child support previously required. However, these orders do not permanently decrease the amount of child support. Nor do these orders relieve Mr. Ashmore from having to pay any arrearage which may have accumulated either prior to the orders being issued or during the period in which he was temporarily relieved from having to pay the full amount of child support previously required.

"[D]ecreases in child support must be based upon evidentiary findings showing a change of condition at the time the modification is ordered." *Herring v. Herring*, 286 S. C. 447, 453, 335 S. E. (2d) 366, 369 (1985). Neither the appealed order nor the earlier orders purporting to relieve Mr. Williams from paying the amount of child support previously required contain any findings of a change of condition. *See* Family Court Rule 27(C) (an order of the Family Court "shall set forth the salient facts upon which the order is granted. . . .").[2]

Moreover, it does not appear that Mrs. Williams is bound by the earlier orders on which the Court relied. These orders were issued as the result of proceedings brought against Mr. Ashmore by the Clerk of Court. Mrs. Williams testified, without contradiction, that she received no notice of any proceeding to reduce the amount of child support. *See Stukes v. Hawkins*, 288 S. C. 485, 343 S. E. (2d) 623 (1986) (the Supreme Court held that the Family Court erred by issuing orders, without notice to the mother, dealing with whether the father was in contempt of court for arrearages in the payment of child support and remanded the case for a hearing *de novo*).

For these reasons, we reverse the order of the Family Court and remand this case for new trial.

Reversed and remanded.

---

[2] Effective September 1, 1988, the requirement that the Family Court set forth specific findings was moved from Family Court Rule 27(C) to Rule 26(a), SCRFC.