## A89A0468. WILLIAMS v. THE STATE.
(383 SE2d 344)

BENHAM, Judge.

Appellant was convicted of armed robbery. On appeal, she raises 11 enumerations of error. Finding no error, we affirm the judgment of conviction.

1. Four of appellant's enumerations involve the general grounds. Reviewing the facts in the light most favorable to the State, we conclude that the jury was authorized to find that appellant was guilty beyond a reasonable doubt of armed robbery. Trial testimony revealed that appellant, Jennifer Williams, was a former employee of a Primo's Pizza restaurant in Clayton County, Georgia; that she called the restaurant and ordered two pizzas to be delivered to a Forest Park address; that she specified that the delivery was to be made to the back door, and asked that, contrary to the usual delivery policy, the delivery person bring change for a $50 dollar bill with him. The store manager agreed to make that exception to company policy because he verified that appellant was a former store employee. After his first two attempts to deliver the pizza were unsuccessful because no one would answer the back door when he arrived, Mr. Ray, the delivery man/victim, returned to the restaurant and was told that appellant had called again, asking for the delivery man to return with the pizzas. When Ray arrived, appellant opened the back door and explained that the reason she had not responded earlier was that she had been in the bathroom. Ray put the pizzas and the money down on the porch steps, and then a man grabbed him from behind, placed

a six-inch knife to his throat, and demanded that Ray give him the money or he would kill him. Ray told him the money was on top of the pizzas, and the man took the money. Appellant then called the police. Ray identified appellant as being a former employee and the one who answered the door when he was assaulted. The evidence was sufficient to support the denial of appellant's motion for a directed verdict of acquittal and the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Byram v. State*, 189 Ga. App. 627 (9) (376 SE2d 909) (1988).

2. Appellant contends that the trial court erred in denying her motion to suppress two Primo's Pizza boxes and a delivery tag the police officers found at appellant's residence, the address to which the victim delivered the pizzas. The bases for contesting the denial of the motion are that there was no valid consent to the search of the residence and that no warrant had been issued for such a search. A transcript of the hearing on the suppression motion was not included for transmittal to this court, but the trial court's detailed order denying the motion summarizes the evidence offered by the investigating officers and appellant at the hearing. The trial court found that appellant's version of what occurred "essentially did not dispute the testimony of detectives Borrero and Moorefield," the officers in question. The trial court concluded that the investigating officers were summoned to appellant's home because "she was, at that time, a crime victim. The visit to the home was to gain additional information on a suspect from the defendant . . . the officers informed [appellant] of their suspicions and gained her full consent to search the premises for a prowler. The evidence obtained by the officers was found during the course of the consent search and while the officers viewed the defendant as a victim." In the absence of a transcript showing clear error, we must conclude that the proper consent was given for the search and the trial court did not err in denying appellant's motion to suppress the fruits of that search. *Strickland v. State*, 153 Ga. App. 51 (1) (264 SE2d 540) (1980).

3. Another ruling asserted as reversible error is that the trial court allowed Detective Moorefield to testify even though his name had not been included on the list of witnesses provided to appellant in accordance with OCGA § 17-7-110. When appellant raised her objection, the prosecuting attorney stated that the omission of the witness' name had been called to defense counsel's attention a month before trial; that the witness had testified at the suppression hearing, and that appellant's trial counsel had cross-examined him at that time. We find that the purpose of the statute was not thwarted and that appellant was not harmed by the trial court's allowing the detective to testify. *Logan v. State*, 170 Ga. App. 809 (318 SE2d 516) (1984). Appellant's reliance on *Allison v. State*, 256 Ga. 851 (8) (353

SE2d 805) (1987), is misplaced, as that case is distinguishable on its facts.

4. The remainder of appellant's enumerations involve the trial court's instructions to the jury. Appellant argues that the trial court's refusal to instruct the jury about the concept of lesser included offenses and its refusal to charge on the lesser included offenses of armed robbery, i.e., robbery by intimidation, by sudden snatching, and theft, constituted reversible error. We disagree. "[A] charge on the included offense was not required where the uncontradicted evidence showed completion of the offense of armed robbery. [Cit.]" *Kirkland v. State*, 173 Ga. App. 687 (2) (327 SE2d 808) (1985). The same analysis applies to the trial court's failure to charge on the lesser included offenses of conspiracy and criminal attempt to commit armed robbery. *Byram v. State*, supra, Division 3; *Kirkland*, supra. The trial court properly refused to give appellant's charge regarding abandonment of the criminal enterprise. Assuming for the sake of argument that appellant's phone call to the police manifested a voluntary and complete renunciation of the criminal purpose, the uncontradicted evidence showed that the crime had already been completed by the time appellant called the police. The evidence was insufficient to require a charge on abandonment. OCGA § 16-4-5; *Joiner v. State*, 147 Ga. App. 526 (2) (249 SE2d 335) (1978). Appellant's final challenge to the trial court's jury charge, that the failure to charge that a confession must be corroborated, has no merit. The trial court charged the direct sentence of the Code section in question, OCGA § 24-3-53, and appellant did not request that the second sentence be included. Moreover, while appellant's statement was not a confession but an admission and as such did not need corroboration, it was "in any event, amply corroborated by other evidence. . . ." *Byram v. State*, supra, Division 7.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 1, 1989 —
REHEARING DENIED JUNE 20, 1989.

*Joseph M. Todd*, for appellant.
*Robert E. Keller*, District Attorney, *Daniel J. Cahill, Jr.*, Assistant District Attorney, for appellee.