## A90A0840. MILLIS v. THE STATE.
(397 SE2d 71)

COOPER, Judge.

Appellant appeals his conviction of armed robbery.

1. In his first enumeration of error, appellant contends the trial court erred in allowing the State to improperly place his character in issue. A review of the record reveals that appellant objected to the admission of a statement he made while in police custody following his arrest in which appellant indicated that the reason he took a car was "because [he] thought there was a warrant for [him] in Walton County, and [he]'d disappear for a while." The trial court ruled the statement was admissible as to "intent, motive and conduct" and "even though it may place character in issue — it's admissible in his statement to show why he wanted this automobile." On appeal, appellant contends the statement was a gratuitous introduction of irrelevant and prejudicial material and that it violated the prohibition against the admission of evidence of bad character unless a defendant puts his character in issue first. OCGA § 24-9-20 (b). We disagree. Appellant's statement was clearly relevant to motive, intent and course of conduct and was not rendered inadmissible because it incidentally placed appellant's character in issue. *Stitt v. State*, 256 Ga. 155 (1) (345 SE2d 578) (1986). The trial court did not err in admitting the statement.

2. Appellant also maintains that a police officer's reference to a

"felony stop" also improperly placed his character in issue. The officer testified that due to the gravity of the charge and the outstanding felony warrant for the appellant, when he located the car and confirmed the tag number and color of the car, he performed a felony stop, which the record indicates is a general procedure utilized when an officer anticipates some danger in arresting an individual. Overruling appellant's objection to the reference, the trial court concluded that the reference did not place appellant's character in issue, but it explained the officer's conduct at the arrest. The evidence is uncontroverted; the term "felony stop" merely describes a police procedure and its use does not impliedly mean that appellant was highly dangerous or generally prone to criminal conduct. This enumeration is without merit.

3. Appellant enumerates as error the trial court's refusal to charge on the lesser included offense of robbery by intimidation. "While robbery by intimidation is an offense included within armed robbery [see OCGA § 16-8-41 (a); [cit.]], a charge on the included offense was not required where the uncontradicted evidence showed completion of the offense of armed robbery. [Cit.]" *Kirkland v. State*, 173 Ga. App. 687 (2) (327 SE2d 808) (1985). Appellant argues that because there was conflicting evidence as to whether or not appellant actually pointed a gun at the victim, the jury was entitled to consider the lesser included offense. In his statement to the police, appellant claimed he pulled his coat back to show the victim he had a gun in his belt; however, the victim and a witness testified that appellant pointed the weapon at the victim, although neither could describe the gun. In *Hughes v. State*, 185 Ga. App. 40 (363 SE2d 336) (1987), we held that it was not essential that a weapon be seen or be accurately described by the victim to support a conviction of armed robbery as long as there was "some physical manifestation of a weapon" or "some evidence from which the presence of a weapon may be inferred." Id. at 41. The trial court, therefore, did not err in refusing to charge robbery by intimidation. See *Williams v. State*, 191 Ga. App. 913, 915 (4) (383 SE2d 344) (1989).

4. Appellant argues that by instructing the jury to be particularly attentive during the reading of appellant's statement, the trial court erred in over-emphasizing the statement, giving it undue credit and severely prejudicing appellant's case. The page of the transcript cited by appellant did not reveal any erroneous instructions given by the trial court. On the following page, however, at the request of the State, the court did advise the jury that the statement would not go out with them and that it should be given whatever weight they saw fit. The instruction did not direct the jury to be particularly attentive, nor did it advise that extreme attention was needed. "It is a sound rule of appellate practice that the burden is always on the appellant

in asserting error to show it affirmatively by the record." (Punctuation omitted.) *State v. O'Quinn*, 192 Ga. App. 359, 360 (1) (384 SE2d 888) (1989). Appellant has not met his burden and "[i]t is not the function of this court to cull the record on behalf of a party in search of instances of error." *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (1) (386 SE2d 709) (1989). This enumeration of error is without merit.

5. Finally, appellant enumerates as error the trial court's failure to charge the jury pursuant to OCGA § 15-12-138 which is the oath of the jury panel in civil cases. There is no authority requiring the jury to receive this charge in a criminal case. The record shows that the jury was duly sworn pursuant to OCGA § 15-12-139. This enumeration is utterly without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Ronnie K. Batchelor*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.