## A92A2050. ROBERTS v. THE STATE.
(430 SE2d 175)

COOPER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act and appeals from the judgment entered on the conviction and the denial of his motion for a new trial.

Evidence adduced at trial shows that D. A. Liber, an undercover investigator for the Atlanta Police Department, met Shellie Ramey, appellant's co-defendant, at a bar and told her he wanted to buy some "Dilaudid." Ramey told Liber she could take him to find some. She drove with him to a street corner where appellant was standing. Ramey said "There's Bobby," and told Liber to stop the car so she could see if Bobby had any Dilaudid. After Liber parked nearby, Ramey left Liber's car, talked with appellant, and returned, saying that Bobby had one pill left for $50. Liber gave her the $50 and watched her walk back to appellant and give him the money in return for a small package. Ramey then returned to Liber's car and gave him a small pill which was later identified as Hydromorphone or "Dilaudid," a Schedule II controlled substance. Neither Liber nor E. G. Brown, another undercover investigator who witnessed the transaction through field glasses from another vehicle, could testify directly

that the small package Ramey received from appellant was Dilaudid or that it was the same item she subsequently gave to Liber in his car.

1. In two enumerations of error appellant argues that the trial court erred in denying his motion for a continuance until the following term.

(a) Appellant first asserts that "the principles of justice" required a continuance because defense counsel was not prepared for trial. See OCGA § 17-8-33 (a). Appellant's counsel, a Fulton County public defender, was unable to prepare for all nineteen of her cases scheduled for trial during that two-week trial calendar due to the public defender office's extremely heavy workload. Noting that counsel had been assigned the case approximately seven-and-one-half months earlier and that appellant had been arraigned more than three months earlier, the trial court denied counsel's motion for a continuance until the following term, but did grant her until the following Monday, just under a week, to complete her preparations. "A motion for continuance based on counsel's claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court, and a ruling denying such a motion will not be interfered with unless the trial court abused its discretion in making the denial. [Cits.]" *Snow v. State*, 178 Ga. App. 842 (344 SE2d 762) (1986); see also OCGA § 17-8-22. There was no abuse of discretion in the trial court's denial of appellant's motion in this case.

(b) Appellant also argues that a continuance until the following term should have been granted pursuant to OCGA § 17-8-25 because co-defendant Ramey, who was expected to testify in appellant's behalf that appellant did not give her the pill she delivered to Liber, was absent. However, OCGA § 17-8-25 requires a showing that, among other things, the party seeking the continuance "expects he will be able to procure the testimony of the witness at the next term of the court." Having failed to appear for her own trial, co-defendant Ramey was a fugitive. Accordingly, appellant could not show that he expected to be able to procure her testimony at the next term. Contrary to appellant's suggestion, it is not enough to meet the statutory requirements "to every extent possible." Thus, the requirements of OCGA § 17-8-25 were not met, and the trial court did not abuse its discretion in failing to grant the continuance.

2. In his third enumeration of error, appellant contends that the trial court erred in allowing the State to impugn appellant's character by repeatedly asking him on cross-examination whether he was familiar with one of the undercover investigators. See OCGA § 24-9-20 (b). Appellant's contention is that the repeated questions invited the inference that if appellant knew one of the investigators, he must have been in trouble with the law before. However, appellant's defense raised the issue of misidentification. Accordingly, that appellant and

one of the investigators knew each other was relevant to rebut appellant's defense, and relevant information is not rendered inadmissible because it may incidentally place a defendant's character in issue. See *Millis v. State*, 196 Ga. App. 799 (1) (397 SE2d 71) (1990). Furthermore, our review of the record reveals that the trial court did not allow the State to explore how appellant and the investigator knew each other, and allowed repetition only to the extent necessary to clarify appellant's answers. We therefore conclude that this enumeration of error is without merit.

3. Appellant argues that the trial court erred in allowing hearsay evidence offered by the State regarding what the missing co-defendant said to Liber during the course of the crime but disallowing hearsay testimony offered in his behalf regarding what the missing co-defendant subsequently told others about appellant's role in the crime. Liber's testimony about what co-defendant Ramey said to him during the course of the crime was properly admitted as part of the res gestae. See OCGA § 24-3-3. On the other hand, the testimony of appellant's witnesses about what co-defendant Ramey said to them afterward — that she told them she had not received the pill she gave Liber from appellant and intended to so testify — was not part of the res gestae, nor did it fit within any other exception to the hearsay rule. Appellant contends these statements should have been allowed under the "necessity" exception of OCGA § 24-3-1 (b), which allows hearsay testimony where it is necessary and there is some " 'circumstantial guaranty of the trustworthiness of the offered evidence.' " (Emphasis omitted.) *Higgs v. State*, 256 Ga. 606, 607 (3) (351 SE2d 448) (1987). However, appellant's reasoning that the co-defendant's statement is inherently trustworthy because it was against her penal interest is belied by *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980). In *Timberlake*, the Supreme Court stated that declarations to third persons that the declarant rather than the accused was the actual perpetrator of a crime are not admissible under an exception to the hearsay rule, even though they are against the declarant's penal interest, because admission of such declarations would allow a person to subvert the ends of justice by admitting the crime to others and then absenting himself from the jurisdiction. 246 Ga. at 492. Thus, the trial court did not err in allowing Liber to relate what co-defendant Ramey said during the course of the crime and disallowing appellant's offered testimony regarding what his absent co-defendant told others about his role in the crime.

4. In his fifth enumeration of error, appellant contends that the trial court improperly limited his cross-examination of Liber by not admitting into evidence a police officer's manual which allegedly would have contradicted Liber's testimony that it is not standard procedure to have an incident report signed by a reviewing officer imme-

diately after the incident occurs. In the instant case, Liber's incident report was not signed by a reviewing officer until approximately two months after the incident, and appellant asserts that this delay renders Liber's identification of appellant suspect. Contrary to appellant's assertion, whether Liber followed, or was even aware of, reporting procedures set forth in the police officer's manual was not relevant to the reliability of Liber's identification of appellant. Thus, the manual was wholly immaterial matter, and the trial court did not err in refusing to admit it for impeachment purposes. See *Brown v. State*, 260 Ga. 153 (4) (391 SE2d 108) (1990).

5. In his sixth enumeration of error appellant argues that the trial court erred in refusing to give his requested charge on the law of circumstantial evidence. However, this enumeration was not included in appellant's original enumerations of error and was added by amendment after the deadline for filing enumerations of error had passed. Such an amendment is not permitted. See *Burke v. State*, 153 Ga. App. 769 (7) (266 SE2d 549) (1980). Therefore, this argument will not be considered. See *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989).

*Judgment affirmed. McMurray, P. J., concurs specially. Blackburn, J., concurs in judgment only.*

McMURRAY, Presiding Judge, concurring specially.

I agree with all that is contained in the majority opinion and write only to note that even if the merits of defendant's argument could have been reached in Division 5, there was no error in the trial court's refusal to give defendant's requested charge on the law of circumstantial evidence. While the decision in *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) holds that where the State depends at least in part on circumstantial evidence a charge on the law of circumstantial evidence must be given on request, an analysis of whether there has been compliance with the *Robinson* decision must involve consideration of whether a defendant's requested charge is correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case, since otherwise a refusal to give the requested charge will not be cause for a new trial. *Hollis v. State*, 201 Ga. App. 224, 225 (2) (411 SE2d 48); *Peebles v. State*, 196 Ga. App. 176, 179 (3) (395 SE2d 640). The requirements of *Robinson* are satisfied when the jury is given a charge employing language substantially similar to that in OCGA § 24-4-6. *Burris v. State*, 204 Ga. App. 806, 811 (3) (420 SE2d 582). The refused charge in the case sub judice does contain some language apparently derived from OCGA § 24-4-6. However, instead of providing a neutral statement of a correct principle of law, the refused charge is argumentative since it emphasizes the reasoning and view of the evidence advocated by defendant. There

was no error in the trial court's refusal to give the argumentative charge. *Thompson v. State*, 164 Ga. App. 194, 195 (3) (296 SE2d 771); *Colson v. State*, 138 Ga. App. 366, 368 (9) (226 SE2d 154).

DECIDED MARCH 19, 1993.

*Avis K. Hornsby*, for appellant.
*Lewis R. Slaton, District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.