## A10A0138. TONEY v. THE STATE.
(695 SE2d 355)

DOYLE, Judge.

Following a jury trial, Earnest Ray Toney appeals from his conviction of criminal attempt to traffic in methamphetamine[1] and possession of methamphetamine.[2] Toney enumerates the following errors: (1) out-of-court statements made by a nontestifying co-defendant were erroneously admitted as res gestae, (2) the out-of-court statements were testimonial and therefore inadmissible under *Crawford v. Washington*,[3] and (3) the evidence did not suffice to convict him of criminal attempt. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the appellant] no longer enjoys a presumption of innocence."[4] So viewed, the record shows that Toney provided $6,500 in cash to purchase a half pound of methamphetamine in a transaction arranged by Jon Bottrell. Prior to the sale, Bottrell met with the seller and requested a sample to show Toney. Unbeknownst to Toney and Bottrell, the purported seller was an undercover agent in the county drug task force. The agent refused to provide a sample, but instead showed Bottrell a pound of methamphetamine. Satisfied, Bottrell left the meeting to coordinate the purchase with funding from Toney.

Two days later, Bottrell arranged a meeting including himself, the agent, and Toney at a home improvement store, where they would consummate the transaction. As the agent waited in the parking lot, Toney and Bottrell arrived, and Toney walked into the store. The agent then entered the store with Bottrell, who introduced the agent to Toney. Toney explained that he did not "want to do it outside, because he [did not] know who's watching and . . . he just want[ed] to be safe." As the agent and Toney discussed the transaction, a customer walked past, and Toney quickly changed the subject to the lumber in a nearby display. Toney then led the agent to another aisle and handed the agent $6,500 in cash, and the agent

---

[1] OCGA §§ 16-13-31 (e); 16-13-33.

[2] OCGA § 16-13-30 (a).

[3] 541 U. S. 36, 68 (V) (C) (124 SC 1354, 158 LE2d 177) (2004).

[4] (Punctuation omitted.) *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

told Toney he would use a bag from the store to discreetly transfer the methamphetamine to Toney's truck in the parking lot. Toney agreed, and the agent left the store, giving a "takedown" signal to a team of officers staged nearby. Toney and Bottrell were immediately arrested, and a search of Toney yielded an additional $1,300 in cash and a small amount (less than a gram) of methamphetamine on his person. After being read his *Miranda*[5] rights, Toney was informed that the agent had recorded the entire exchange on a concealed sound and video recorder.[6] The agent then orally recounted to Toney what had transpired on the recording, including that they talked about "$6,500 being good enough for a half pound of ice, and you said the price is good." After being asked if that was what transpired, Toney replied "pretty much."

Toney was charged with criminal attempt to traffic in methamphetamine and possession of methamphetamine. Toney was convicted on both counts, and after his motion for new trial was denied, he filed this appeal.

1. Toney contends that the trial court abused its discretion in ruling that video and testimonial evidence recounting Bottrell's out-of-court statements implicating Toney in the drug purchase was admissible under the res gestae exception to the hearsay rule. We disagree.

At trial, the State did not call Bottrell to testify, but instead called the agent to testify about Bottrell's description of Toney's role as financier of the drug purchase. As the agent began testifying about his first meeting with Bottrell, the agent explained that Bottrell told him he had a "buddy" who was looking for a supplier of methamphetamine. After an objection by Toney, the trial court excluded proffered testimony that Toney's long-standing drug supplier had been arrested so he was looking for a new source. But the trial court allowed the agent to testify as to Bottrell's representation that Toney "want[ed] the drugs . . . to set up the facts of why they're having this conversation." The agent's testimony then continued to that effect without further hearsay objection. Toney renewed his prior hearsay objection to the video evidence made on the day of the transaction, including similar statements by Bottrell that Toney accompanied him to purchase methamphetamine from the agent.

During the trial, there was a colloquy between the court and counsel regarding the admissibility of Bottrell's statements as a co-conspirator under OCGA § 24-3-5,[7] but due to an apparent over-

---

[5] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[6] The recording was played to the jury.

[7] See *Denison v. State*, 258 Ga. 690, 690 (1) (373 SE2d 503) (1988) ("Under OCGA §

sight, the trial court failed to instruct the jury that it must find that a conspiracy was proved before it could consider such testimony.[8] Therefore, on Toney's motion for new trial, the trial court invited arguments as to whether the evidence recounting Bottrell's statements was admissible as a part of the res gestae. The trial court ruled that it was, and Toney now argues this was error.

> We will not overturn a trial court's determination that evidence is admissible as part of the res gestae unless that determination is clearly erroneous. The rule in Georgia is that the surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, *acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae. . . .*[9]

The trial court relied on *Brewer v. State*,[10] *Height v. State*,[11] and *Roberts v. State*[12] to conclude that Bottrell's statements were admissible as res gestae. In *Brewer*, this Court held that statements made a week prior to a drug deal that were part of the planning phase and that made the necessary arrangements for the deal were admissible as res gestae.[13] In *Height*, we held that a statement made to a testifying undercover officer by an intermediary to a drug deal was admissible as res gestae.[14] In *Roberts*, we held that an undercover officer's testimony about what an absent co-defendant said during the course of the transaction was admissible as res gestae.[15] Based on these cases and the facts of this case, we are persuaded that the trial court did not abuse its discretion in concluding that Bottrell's

---

24-3-5 statements made by a conspirator during the course of a conspiracy are admissible against all conspirators after the fact of the conspiracy is proved.").

[8] Compare *Harris v. State*, 255 Ga. 500, 501 (2) (340 SE2d 4) (1986) (noting that "the jury was given, before each witness testified, a cautionary instruction to consider the testimony only if they found that a conspiracy had existed at the time the witnesses heard the statements to which they would testify"). See also *Castillo v. State*, 281 Ga. 579, 583 (4) (624 SE2d 8) (2007) (approving of pattern charge informing "the jury of the circumstances under which the alleged declarations of an alleged co-conspirator made out of the presence of the defendant are to be disregarded").

[9] (Punctuation and footnote omitted; emphasis supplied.) *Goldsby v. State*, 273 Ga. App. 523, 527 (3) (615 SE2d 592) (2005).

[10] 224 Ga. App. 656 (481 SE2d 608) (1997).

[11] 221 Ga. App. 647 (472 SE2d 485) (1996).

[12] 208 Ga. App. 64 (430 SE2d 175) (1993) (physical precedent only).

[13] *Brewer*, 224 Ga. App. at 659 (7). The statements included at least one by the defendant that "he would see what he could do" to supply a purchaser with "a key of dope." Id. at 656.

[14] *Height*, 221 Ga. App. at 649 (3).

[15] *Roberts*, 208 Ga. App. at 66 (3).

statements were admissible as res gestae.

2. Moreover, contrary to Toney's assertion, Bottrell's statements were not violative of the Sixth Amendment's Confrontation Clause under *Crawford v. Washington* because the statements were not testimonial in nature. "Statements . . . are testimonial in nature when the primary purpose of the statements is to establish or prove past events potentially relevant to later criminal prosecution."[16] It is undisputed that Bottrell's statements were made to an undercover officer unknown to Bottrell, before Bottrell's arrest, while Bottrell negotiated and consummated the purchase of a half pound of methamphetamine with money provided by Toney. Such statements are not testimonial for purposes of *Crawford*.[17]

Further, our courts have routinely held that statements made by co-conspirators during the conspiracy are not testimonial in nature.[18] While there was no instruction to the jury as to the circumstances required to find a conspiracy in this case, that omission did not change the nature and circumstances of the statements Bottrell made to the agent while negotiating the drug deal. Further, there was evidence (independent of Bottrell's statements) sufficient to show Toney's participation in a conspiracy in the form of the video of the transaction and Toney's later recorded concession that his $6,500 was for a half pound of "ice," testimony by the agent that he discussed with Toney initially selling "a pound" to Toney, Toney's payment of $6,500 to the undercover agent, and the agent and Toney's mutual discussion of using a bag from the store to discreetly transfer the methamphetamine.[19] Under the facts of this case, we conclude that Bottrell's statements are of the same character as

---

[16] (Punctuation omitted.) *Cuyuch v. State*, 284 Ga. 290, 292 (2) (667 SE2d 85) (2008). "The Supreme Court also found that a statement might also be considered testimonial if it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." (Punctuation omitted.) *Pitts v. State*, 280 Ga. 288, 288-289 (627 SE2d 17) (2006) (citing *Crawford*, 541 U. S. at 51-52 (III) (A)). It cannot credibly be said that Bottrell reasonably expected his statements to the undercover agent arranging the purchase of methamphetamine would be available for use at a later trial. Such statements implicated Bottrell in a scheme to purchase one half pound of a controlled substance. In *Bowden v. State*, 279 Ga. App. 173, 180 (4) (630 SE2d 792) (2006), we held that similar statements made by a co-defendant "to the informant during a [drug transaction] were undisputedly nontestimonial in nature (i.e., not designed to establish evidentiary facts), and therefore *Crawford* [did] not apply." We discern no relevant distinction between the informant in *Bowden* and the undercover agent here.

[17] See *Bowden*, 279 Ga. App. at 180 (4).

[18] See, e.g., *Brooks v. State*, 281 Ga. 14, 18 (2) (635 SE2d 723) (2006); *McKinney v. State*, 281 Ga. 92, 96 (4) (635 SE2d 153) (2006) ("the holding in *Crawford* is not applicable to the admission of the statements of the co-conspirators made during the pendency of the conspiracy"); *Shelton v. State*, 279 Ga. 161, 163 (5) (611 SE2d 11) (2005).

[19] We note that this evidence conflicted with Toney's trial testimony that he believed he was purchasing a motorcycle for the $6,500 he gave to the agent.

those routinely held to be nontestimonial for purposes of a *Crawford* analysis.[20]

3. Toney also contends that the evidence was insufficient to support his conviction of criminal attempt to traffic in methamphetamine. On appeal,

> [w]e view the evidence in the light most favorable to the verdict, and [the appellant] no longer enjoys the presumption of innocence. We do not weigh the evidence or determine whether a witness is credible, but only determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [the appellant] was guilty of the crime.[21]

"Attempt to commit a crime occurs when a person, with intent to commit a specific crime, performs any act which constitutes a substantial step toward that crime. It is not necessary that the underlying crime actually be completed."[22] The specific crime alleged here was trafficking in methamphetamine, which requires proof that a person knowingly possessed 28 grams or more of methamphetamine.[23] In light of our rulings in Divisions 1 and 2, there was competent evidence that Toney met with the undercover agent and paid him $6,500 for a half pound of methamphetamine, as alleged in the indictment. Thus, a rational trier of fact could find that Toney attempted to traffic in methamphetamine.[24]

4. Based on our conclusion that the trial court did not abuse its discretion in admitting Bottrell's statements as res gestae, Toney's remaining enumerations are moot.[25]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[20] See, e.g., *Brooks*, 281 Ga. at 18 (2); *Bowden*, 279 Ga. App. at 180 (4). That Bottrell later "ratified" these statements in his plea hearing did not render Bottrell's statements testimonial. First, the testimony offered against Toney was from the agent as to what Bottrell told him leading up to and during the illegal drug transaction. Second, to hold otherwise would mean that a co-conspirator who is caught somehow changes the nature of his statements made during the conspiracy by later confessing. Furthermore, we note that Toney himself attempted to rely on a co-conspirator theory to admit certain other hearsay statements by Bottrell regarding how the two met.

[21] (Footnote omitted.) *Ellzey v. State*, 272 Ga. App. 253, 258 (2) (612 SE2d 77) (2005).

[22] (Footnote omitted.) *Davis v. State*, 281 Ga. App. 855, 859 (2) (637 SE2d 431) (2006).

[23] See OCGA § 16-13-31 (e).

[24] See id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[25] Toney enumerated errors challenging the admissibility of Bottrell's statements as statements made by a co-conspirator. See *Brooks*, 281 Ga. at 16 (2) ("Hearsay statements made by a conspirator during the course of a conspiracy, including the concealment phase, are admissible against all conspirators.") (punctuation omitted).

DECIDED MAY 11, 2010 —

*Bruce S. Harvey, Mark A. Yurachek*, for appellant.
*Scott L. Ballard, District Attorney, Warren A. Sellers, Jeremy M. Hayes, Assistant District Attorneys*, for appellee.