A97A1249. LIGHTFOOT v. THE STATE.
(490 SE2d 177)

BLACKBURN, Judge.

George Walter Lightfoot was convicted of armed robbery and obstruction of an officer in connection with his holdup at knifepoint of a cashier in a convenience store. At trial, Lightfoot submitted a written request to charge on the lesser included offense of robbery by intimidation. The trial court declined to give such charge, finding that it was not adjusted to the facts, and Lightfoot enumerates this ruling as error.

The standard of review applied by the Georgia appellate courts to a trial court's refusal to charge was set forth by the Supreme Court in *Edwards v. State*, 264 Ga. 131 (442 SE2d 444) (1994). There the Supreme Court held that " '[a] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.' [Cit.]" Id. at 132. However, "where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense." (Emphasis in original.) Id. at 133.

Relying primarily upon *Edwards* and *Holcomb v. State*, 230 Ga. 525 (198 SE2d 179) (1973), Lightfoot argues that the court was required to charge the jury on robbery by intimidation. In *Holcomb*, the Supreme Court held that because robbery by intimidation is a lesser included offense of armed robbery, "it necessarily follows that evidence authorizing a conviction of robbery by the use of an offensive weapon would authorize a conviction of robbery by intimidation." Id. at 527. That being so, Lightfoot argues, the evidence adduced at his trial that he committed armed robbery was *also* evidence that he committed robbery by intimidation, thus requiring a charge on the lesser included offense under the rule set forth in *Edwards*.

We cannot agree. Lightfoot's construction of *Edwards* and *Holcomb*, while not unfounded, does not accurately reflect the status of the law in this area. Although *Holcomb* does hold that the same evidence which authorizes a conviction for armed robbery will also authorize a conviction for robbery by intimidation, it goes on to state that "failure to charge on robbery by intimidation [is] not error [where] the evidence [does] not *demand* a charge on that offense." (Emphasis in original.) *Holcomb*, supra at 527. Accordingly, though evidence of armed robbery might authorize a conviction for robbery by intimidation, in some cases the evidence of robbery by intimidation will not be such that a charge on that offense is demanded. In those cases, there can be no error when the trial court refuses to give a charge on the lesser included offense. See *Thomas v. State*, 226 Ga. App. 441 (487 SE2d 75) (1997) (unnecessary to charge robbery by intimidation where robbery occurred at gunpoint and defendant did not deny he was armed).

This point is well illustrated in three cases decided subsequent to *Holcomb*: *Bixby v. State*, 234 Ga. 812, 814 (2) (218 SE2d 609) (1975); *Brock v. State*, 232 Ga. 47, 48 (205 SE2d 272) (1974); and *Clempson v. State*, 144 Ga. App. 625, 626-627 (3) (241 SE2d 495) (1978). In each armed robbery case, this Court or the Supreme Court determined that no evidence of robbery by intimidation was presented, and that all the evidence showed robbery by use of an offensive weapon. Accordingly, it was determined that no error was shown from any of the trial courts' refusals to charge on the lesser included offense of robbery by intimidation.

In this case, no evidence of robbery by intimidation was shown. The evidence shows that Lightfoot entered a convenience store with an extended knife in his hand, held up the cashier, took money from the cash drawer, and at one point, threatened to bury the knife in the cashier's back if anyone entered the store. No evidence was presented to the effect that a weapon was not used in the robbery, as Lightfoot testified only that he did not remember any of the events connected with the robbery. Although he claims that a charge on robbery by

intimidation was appropriate because the cashier testified that he was intimidated, this fact does not authorize a charge on robbery by intimidation on the facts of this case. "There is no evidence, and the jury would have had no reason to believe, that [the cashier] was persuaded to part with the cash . . . other than by having a [knife] pointed at him. . . . It was not error to fail to charge a request on robbery by intimidation since such charge is unsupported by evidence." *Griffeth v. State*, 154 Ga. App. 643, 645 (3) (a) (269 SE2d 501) (1980).

The other cases cited by Lightfoot do not change this result and do not alter our analysis in this regard. Taken to its logical conclusion, Lightfoot's position would require a charge on the lesser included offense of robbery by intimidation in every armed robbery prosecution. However, it is clear that the law contains no such requirement. There was no evidence presented in this case that would have authorized a conviction for robbery by intimidation that would not also have demanded a conviction of armed robbery. Accordingly, Lightfoot's enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 25, 1997.

*David C. Butler*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Ann B. Harris, Assistant District Attorneys*, for appellee.