## A98A1036. JONES v. THE STATE.
### (504 SE2d 259)

BEASLEY, Judge.

Christopher Jones was convicted of one count of giving a false name to a law enforcement officer (OCGA § 16-10-25) and four counts of armed robbery (OCGA § 16-8-41). He challenges the trial court's refusal to give his requests to charge the jury on robbery by intimidation and theft by taking, as lesser included offenses of armed robbery.

In May 1997, Jones and his accomplice entered an auto parts store and began browsing and asking about merchandise. Present in the store were manager-in-training Marks, cashier Carter, and one

---

other customer. After the customer left, the accomplice pointed a gun at Marks' head, informed him the store was being robbed, and ordered him to open the safe in the rear of the store. While walking toward the safe, the accomplice told Jones to remain with Carter while she opened the cash registers in the front. As she did so, Jones instructed her to put the money in a bag.

A month later, Jones and his accomplice entered another auto parts store and again began browsing and asking about merchandise. Employees Viar and Page were on duty, and no customers were present. The accomplice threatened Viar with a gun and ordered him to open the cash registers. Page opened the registers instead as she had the keys. After she did so, the accomplice instructed both employees to accompany him to the rear of the store so Page could open the safe. The accomplice took money from the safe and forced Viar to surrender his wallet, while Jones took money from the cash registers and various store merchandise. The police arrested both men in their getaway car shortly thereafter.

Jones argues that he was entitled to a jury charge on the lesser included offenses because the evidence did not show he was in possession of the weapon. Regardless, the evidence does show without dispute that the robberies were perpetrated by the use of a weapon in the possession of Jones' accomplice.

When a party has committed armed robbery, one who is concerned in the commission of the crime under OCGA § 16-2-20 is likewise guilty of armed robbery, notwithstanding the fact that the associate did not have actual possession of the firearm.[1] A person who participates in a criminal enterprise is responsible for the means by which it is accomplished.

The Supreme Court of Georgia held in *Edwards v. State*[2] that " '[a] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.' [Cit.]" But the Court in *Martin v. State*[3] recognized that " '[w]here . . . the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.' [Cits.]"[4]

"[T]he accused 'is not entitled to a charge on a lesser included offense where the evidence establishes without dispute the commis-

---

[1] *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991); see *Hopkins v. State*, 227 Ga. App. 567 (1) (489 SE2d 368) (1997); see also *Martin v. State*, 213 Ga. App. 146 (444 SE2d 103) (1994).

[2] 264 Ga. 131, 132 (442 SE2d 444) (1994).

[3] 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

[4] Accord, e.g., *Strickland v. State*, 223 Ga. App. 772, 777 (1) (479 SE2d 125) (1996).

sion of the greater offense charged. (Cits.)' [Cit.]"[5] Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of theft by taking or robbery by intimidation.[6] Since Jones does not deny that his accomplice was armed, he was not entitled to a charge on the lesser included offenses. "Taken to its logical conclusion, [Jones]' position would require a charge on the[se] lesser included offense[s] . . . in every armed robbery prosecution. . . . [T]he law contains no such requirement."[7]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

### DECIDED JULY 10, 1998.

*Alterman & Associates, Cathy M. Alterman, Jeffrey P. Manciagli,* for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.

---

[5] *Thomas v. State*, 226 Ga. App. 441, 444 (8) (487 SE2d 75) (1997).

[6] *Widner v. State*, 203 Ga. App. 823, 825 (4) (418 SE2d 105) (1992) (theft by taking); *Millis v. State*, 196 Ga. App. 799, 800 (3) (397 SE2d 71) (1990) (robbery by intimidation).

[7] *Lightfoot v. State*, 227 Ga. App. 605, 607 (490 SE2d 177) (1997).