A99A0652. ARNOLD v. THE STATE.
(518 SE2d 716)

BLACKBURN, Presiding Judge.

Johnny Arnold appeals his convictions, following a jury trial, for armed robbery and possession of cocaine, contending (1) that the evidence was insufficient to support the verdict for possession of cocaine and (2) that the trial court erred by failing to instruct the jury on the lesser included offenses of robbery and robbery by intimidation. For the reasons set forth below, we affirm.

1.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Arnold] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The record shows that, on the night of December 28, 1996, Arnold entered the Pit Stop convenience store, selected some beer, and approached the check-out counter. Arnold then opened his jacket and showed the clerk on duty, Gail Bergen, that he was carrying a holstered gun. Arnold then pointed the gun at Bergen and demanded

money. A videotape from the store's security was introduced showing Arnold approaching Bergen and Bergen handing over a large stack of money. Bergen identified Arnold as the perpetrator from a photographic lineup and at trial. The store owner also recognized Arnold from the videotape, and Arnold admitted that he was depicted on the tape. During a consensual search of the apartment in which Arnold was staying for the robbery weapon, police found crack cocaine under the cushions of a couch where Arnold was sitting. Arnold stated to one of the officers that the cocaine was for his personal use.

This evidence is more than ample to support Arnold's convictions. Although Arnold argues on appeal that the apartment was his mother's, that the State was required to prove his constructive possession of the cocaine, and that his mother had equal access to the cocaine and could have put it there, such arguments are inapposite to this case. The simple fact is that Arnold's mother died more than a month prior to the time the search was conducted, and Arnold was the only person inhabiting the apartment. Therefore, the equal access defense is inapplicable. Moreover, Arnold admitted that the cocaine was for his personal use. As such, his current effort to blame his dead mother for his crime is rejected.

2. Arnold contends that the trial court erred by refusing his written request to instruct the jury on the lesser included offenses of robbery and robbery by intimidation. Arnold argues that the surveillance tape does not show him carrying a gun, thereby providing some evidence that he committed the robbery without a weapon. The videotape, however, is partially obscured, and, although it does not show Arnold pointing a gun at Bergen, it does not conflict with Bergen's testimony that Arnold was carrying a gun. As such, the only evidence before the court was that Arnold committed the robbery with a weapon or not at all. In this circumstance, it was not error for the trial court to refuse Arnold's request for an instruction on robbery or robbery by intimidation. See, e.g., *Lemattey v. State*, 234 Ga. App. 889 (508 SE2d 215) (1998); *Kirkland v. State*, 173 Ga. App. 687 (2) (327 SE2d 808) (1985).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999.

*Faye E. Hays*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.