### A00A0881. ESPINOZA v. THE STATE.
(534 SE2d 127)

PHIPPS, Judge.

In alternative counts of an indictment, Israel Espinoza was charged with taking money from Eric Harris either by use of a handgun or by use of a replica of a handgun. Espinoza appeals his conviction on the latter count and his sentence of life imprisonment. He challenges the sufficiency of the evidence, and he contends that the trial court erred in refusing to instruct the jury on the lesser included offense of theft by taking. We find sufficient evidence to support the verdict and no error by the trial court in refusing to charge on the lesser offense. Therefore, we affirm the judgment.

Espinoza operated a floor cleaning business. The manager of a video rental store where Harris was employed hired Espinoza to clean the floors. The store manager testified that she was dissatisfied with Espinoza's cleaning because he failed to remove stains from the floor but that she nonetheless paid him in full and told him that he would get no repeat business. According to the manager, Espinoza later returned to the store and persuaded her to give him $20 so he could rent a steam cleaner and "mak[e] things right." When Espinoza failed to return to the store, the manager left to find him.

While she was gone, Espinoza reappeared at the store with a companion and confronted Harris in one of the aisles. Harris testified that Espinoza had his hand in his jacket pocket, holding a large object. According to Harris, Espinoza threatened to shoot him if he did not open the store registers and give him cash. In fear, Harris opened the registers. Espinoza took all of the money, approximately $560, and he and his companion then fled the store.

Prior to trial, Espinoza gave a written statement to police admitting that he and his companion smoked crack on the night in question, that they decided to "hit" the video store, that he had a box cutter in his pocket and his companion had a screwdriver, and that he told Harris that his companion would shoot him if he did not open the register.

At trial, Espinoza claimed that he had not been paid in full for his cleaning work even though he had cleaned the floors satisfactorily. He acknowledged returning to the store and agreeing to do additional cleaning after the store manager gave him the $20 to rent a steam cleaner. He testified that when he again returned to the store and found the manager absent, he became very upset because he had

not been fully paid, and he instructed Harris to open the register and give him his money. Espinoza admitted acting "real belligerent[ly]" toward Harris and taking hundreds of dollars out of the registers. But he denied threatening Harris, telling Harris that he or his companion was going to shoot him, or pretending that they were in possession of weapons.

1. Espinoza argues that there was insufficient evidence to support a finding that he perpetrated the robbery by using a replica of a weapon.

Under OCGA § 16-8-41 (a), a person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or immediate presence of another by use of an offensive weapon "or any replica, article, or device having the appearance of such weapon." Both Harris's testimony and Espinoza's statement to police authorized the jury to find that Espinoza took money from Harris by use of a concealed object having the appearance of a weapon. The evidence was thus sufficient to support the verdict.[1]

2. The trial court charged the jury on the lesser offense of robbery by intimidation but refused to charge the jury on the lesser offense of theft by taking.

Under OCGA § 16-8-40 (a) (2), a person commits the offense of robbery by intimidation when, with intent to commit theft, he takes property of another from the person or the immediate presence of another "[b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another." Under OCGA § 16-8-40 (b), the maximum sentence for robbery by intimidation is 20 years. The armed robbery statute, OCGA § 16-8-41 (a), states that "[t]he offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery."

Under OCGA § 16-8-2, a person commits the offense of theft by taking "when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-12 (a) states that, with certain exceptions, a person convicted of theft by taking shall be punished as for a misdemeanor. Under the exception set forth in OCGA § 16-8-12 (a) (1), the defendant may be imprisoned for up to ten years if the property which is the subject of the theft exceeded $500. Consequently, theft by taking is a lesser included offense of both armed robbery and robbery by intimidation.

---

[1] See *McCluskey v. State*, 211 Ga. App. 205, 206 (2) (438 SE2d 679) (1993); compare *Tate v. State*, 191 Ga. App. 727 (2) (382 SE2d 688) (1989).

"Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[2] But "[w]here the evidence shows either the completed offense, as averred, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense. [Cits.]"[3] Consequently,

> [w]here the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of theft by taking or robbery by intimidation.[4]

Conversely, where a case contains some evidence, however slight, that a weapon was not used, it has been held that the defendant is entitled to a jury charge on a lesser included offense.[5]

Because Espinoza's testimony provides evidence that neither a handgun nor a replica of a handgun was used to perpetrate the robbery, the trial court correctly charged the jury on the lesser included offense of robbery by intimidation. The question is whether Espinoza was also entitled to a charge on the lesser offense of theft by taking. We hold that he was not. Espinoza admitted coming into the video rental store with a companion, acting "real belligerent[ly]" toward Harris, and demanding that he open the cash registers. Harris testified unequivocally that he was placed in fear. The evidence thus showed that Espinoza committed the robbery either by use of a replica of a handgun or by intimidation. No evidence was presented that intimidation was not used in the robbery. Therefore, Espinoza was not entitled to a charge on theft by taking as a lesser included offense of armed robbery and robbery by intimidation.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 19, 2000.

*John R. Greco,* for appellant.

---

[2] *Edwards v. State,* 264 Ga. 131, 133 (442 SE2d 444) (1994).

[3] *James v. State,* 210 Ga. App. 454, 455 (2) (b) (436 SE2d 565) (1993).

[4] (Footnote omitted.) *Jones v. State,* 233 Ga. App. 362, 364 (504 SE2d 259) (1998).

[5] *Edwards v. State,* supra.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys,* for appellee.