## A00A0586. SMITH v. THE STATE.
### (536 SE2d 561)

POPE, Presiding Judge.

Clarence E. Smith was charged with armed robbery, terroristic threats, and kidnapping. He was acquitted of armed robbery, terroristic threats, and kidnapping but convicted of the lesser offense of robbery and sentenced to serve 12 years.

On the night of May 2, 1996, Smith and Norris Galbert drank a few beers together at Galbert's home. Smith was a neighbor and had been to Galbert's house at least once before. Smith testified that they ran out of beer and that Galbert gave him $40 to go to the store and buy more. Smith also testified he took $10 from Galbert's jewelry box to buy himself a different type of beer. Galbert testified to a different version of events. Galbert testified that she declined Smith's request to buy more beer, and he then asked to use her restroom. Galbert testified that Smith returned from the restroom with his hand in his pocket, told her he had a gun, and forced her into her bedroom where he took approximately $100 from her wallet and a ring and watch off her dresser. In addition, Galbert testified that Smith threatened to kill her if she did not give him $500.

1. Smith first enumerates as error the failure of the trial court to give his requested charge on the offense of theft by taking as a lesser included offense of armed robbery. We agree that the requested charge should have been given and reverse Smith's conviction.

> The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. [But] [w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Citations omitted; emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

In this case, Smith and Galbert gave differing accounts of the circumstances surrounding the theft of the money, and there were no other witnesses to the event. Smith claims that Galbert gave him two $20 bills from her purse and that while he was leaving, he took a $10 bill from her jewelry box. Galbert testified Smith took approximately $100 and some jewelry after telling her he had a gun and threatening to kill her. Although the State argues that Galbert saw Smith take the money, the transcript shows that Galbert was not aware that Smith took the $10 from her dresser. Likewise, the record does not support the State's argument that Smith claimed at trial that he had permission to take the $10. Smith testified that he saw the $10 sticking out from under Galbert's jewelry box and that he grabbed it on his way out the door. Additionally, one of the investigating officers testified at trial that Smith told him the victim gave him $40 and he took $10 for himself. Consequently, the trial court erred by refusing to give the requested charge under the facts of this case. *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995) (defense counsel was deemed ineffective for failure to request charge on lesser included offense of theft by taking in prosecution for armed robbery where defendant admitted theft and sole defense was that he did not use a weapon); *King v. State*, 214 Ga. App. 311, 312-313 (2) (447 SE2d 645) (1994) (trial court, upon written request, should have charged the jury on theft by taking in a prosecution for robbery by sudden snatching; where there was evidence to support defendant's written request to charge on the lesser included offense of theft by taking, the trial court's failure to give the requested charge was reversible error); cf. *Espinoza v. State*, 243 Ga. App. 665 (534 SE2d 127) (2000) (failure to charge on the lesser offense of theft by taking not error when evidence showed robbery was committed either with a handgun or by intimidation); *Jones v. State*, 233 Ga. App. 362, 363-364 (504 SE2d 259) (1998) (defendant did not deny accomplice was armed; lesser included offenses charge thus not required); *Thomas v. State*, 226 Ga. App. 441, 444-445 (8) (487 SE2d 75) (1997) (charge on lesser included offense not required when the evidence established without dispute that the robberies were committed at gunpoint, and the defendant did not deny he was armed).

Moreover, because the evidence here was not overwhelming, due in large part to the lack of witnesses and conflicts in the testimony presented at trial, and as demonstrated by the jury's verdict finding Smith guilty of only the lesser offense of robbery after he was charged with armed robbery, terroristic threats, and kidnapping, we cannot say that the error here did not contribute to the verdict. Cf. *Edwards v. State*, 264 Ga. at 133 (Supreme Court held that the failure to give lesser offense charge of theft by taking was harmless error that did not contribute to the verdict because evidence of defendant's

guilt was overwhelming).

2. For purposes of retrial, we note that the trial court's charge on reasonable doubt was subsequently disapproved by our Supreme Court in *Coleman v. State*, 271 Ga. 800, 804-805 (8) (523 SE2d 852) (1999).

3. In light of our reversal in Division 1, it is unnecessary for us to address Smith's remaining enumerations of error, most of which relate to alleged ineffectiveness of trial counsel.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 28, 2000.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.