## A00A1373. BRINSON v. THE STATE.

### (537 SE2d 795)

PHIPPS, Judge.

Lashawn Brinson appeals his conviction on two counts of armed robbery and one count of attempted armed robbery. Brinson asserts as error the trial court's failure to charge on the lesser included offense of robbery by intimidation and its use of the word "accessory" in its charge on parties to a crime. Brinson also claims the evidence was insufficient to support the verdict. Because we find no error in the jury charge and find the evidence was sufficient to find Brinson guilty beyond a reasonable doubt, we affirm.

On July 27, 1998, at approximately 1:00 a.m., Gail Blasingame, Steve Bowers and Kathi Besing left the Bayou Café in Savannah and began walking down River Street toward the Marriott Hotel. As they passed an alley, three young men ran out in front of them with their t-shirts over their faces and demanded money. Blasingame, Bowers and Besing at first thought it was a joke, but that changed when one of the men let go of his t-shirt and pointed a nine millimeter gun in Bowers's face. One of the other men pointed a smaller gun toward Blasingame. Bowers then gave the men the money in his pocket ($10-12). When Blasingame told them she had no money, the man with the nine millimeter gun approached her. The third man took $25 from Besing and grabbed her around the neck to try to wrestle her jewelry from her. Besing screamed, and the men fled.

Blasingame, Bowers and Besing went to the hotel, told the security guard they had been robbed and asked him to call the police. They gave a description of the three men at that time. Based on that description, the police were able to locate Brinson and bring him to the hotel for identification. Approximately 30 minutes after the robbery, Blasingame and Bowers positively identified Brinson as one of the men who had robbed them and as the one with the nine millimeter gun. Shortly after Brinson's arrest, the police found a nine millimeter gun in the bushes approximately ten feet from where he was arrested.

After his arrest, Brinson gave a recorded statement to the police. Brinson said that he was walking downtown and saw two other men, Willie and Junior, who were talking about pulling their guns out on

people. According to Brinson, Willie had a nine millimeter gun, and Junior had a small .22 revolver. Brinson further stated that as they were walking toward River Street, Willie and Junior ran out in front of "the people," pulled out their guns and asked for money. Brinson claimed that he did not have a gun and did not take any money. He said that he ran off when Willie grabbed one of the women around the neck. Brinson stated that, after the incident, he picked up the nine millimeter gun and threw it in the bushes near where he was arrested.

Brinson later gave another statement to a different officer. He said that he had called his mother and told her that he was only an accessory and that the police department was trying to pin the entire crime on him. The police were not able to locate the other men involved in the robbery.

At trial, Blasingame, Bowers and Besing all identified Brinson as one of the three men who had robbed them. They all testified that Brinson had a gun during the robbery and all recognized the gun found by the police as similar to the one used by Brinson in the robbery. None of the victims had any doubt that Brinson not only participated in, but orchestrated, the robbery.

Brinson was charged with the armed robbery of all three victims. The jury found him guilty of the armed robbery of Bowers and Besing and the attempted armed robbery of Blasingame. His motion for new trial was denied, and he appeals.

1. Brinson challenges the sufficiency of the evidence to support his conviction. He alleges that there were inconsistencies in the testimony regarding who had a gun and who took the money, that no one could positively identify the gun found by the police, and that the victims admitted they had been drinking before the robbery, which may have affected their recollection of the incident. Brinson also relies on his statement to the police that he did not participate in the robbery.

"On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies."[1] As an appellate court, we do not weigh the evidence, judge the credibility of witnesses or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged.[2] Instead, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] "As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's ver-

[1] *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149) (1993).
[2] Id.; *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

dict will be upheld. [Cit.]"[4]

Viewed in the light most favorable to the prosecution, we find the evidence was sufficient to allow the jury to find Brinson guilty beyond a reasonable doubt. The victims consistently testified that Brinson participated in the robbery, used a gun and took Bowers's money. Brinson admitted that he dropped one of the guns used in the robbery in bushes near where he was arrested, the precise location where the officers testified they found the weapon. All of the victims testified that the gun found by the police looked like the one Brinson used in the robbery. There is clearly some evidence to support each element of the State's case, despite Brinson's contradictory statement.

We find no merit in Brinson's claim that the victims' recollection of the incident was faulty. Based on the victims' description, the police were able to apprehend Brinson quickly. The victims identified Brinson approximately 30 minutes after the robbery. There is no evidence that they had been drinking excessively.

2. Brinson complains about the trial court's refusal to charge the jury on the lesser included offense of robbery by intimidation. He contends that he was entitled to the charge because he told the police that he did not use a gun during the robbery.

A person commits the offense of robbery by intimidation when, "with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another."[5] Robbery by intimidation is a lesser included offense in the offense of armed robbery.[6]

"Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[7] But if the evidence shows the completed offense, as charged, or no offense, the trial court is not required to charge the jury on the lesser included offense.[8]

"Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offense[ ] of . . . robbery by intimidation."[9] All of the victims testified that Brinson wielded a

---

[4] *Kellibrew v. State*, 239 Ga. App. 783 (1) (521 SE2d 921) (1999).

[5] OCGA § 16-8-40 (a) (2).

[6] OCGA § 16-8-41.

[7] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[8] *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

[9] (Footnote omitted.) *Jones v. State*, 233 Ga. App. 362, 364 (504 SE2d 259) (1998).

gun during the robbery. Even Brinson admitted to the police that both of his accomplices pointed guns at the victims and took their money. Thus, the evidence shows the completed offense of armed robbery.[10] Because Brinson does not deny that his accomplices were armed, he is not entitled to a jury charge on the lesser included offense.[11]

3. Brinson alleges that the trial court erred in giving the jury charge on parties to a crime. His claim is based on the following statement:

> [L]et me also charge you about a law in Georgia called parties to a crime. In other states and on TV or something, you often hear this word accessory, like accessory before the fact or accessory after the fact, and all of that. We don't use those terms in Georgia. The law is different from state to state.

The trial court then explained Georgia law on parties to a crime.

Brinson does not contend that the charge was inaccurate but claims that the judge's use of the word "accessory" was inappropriate and harmful because of the police officer's testimony that Brinson had told him that he told his mother that he was an accessory to the crime. He argues that the jury could have inferred that he was guilty because he admitted to being an accessory and the judge instructed them that in Georgia an accessory is called a party to the crime.

We do not interpret the charge in that manner. The court did not instruct the jury that an accessory is a party. The court charged the jury that Georgia does not use the term accessory and that one cannot be convicted of a crime in this state unless he is a party to the crime as defined by Georgia law.

The judge also instructed the jury that mere presence at the scene of the commission of a crime or mere association with persons involved in the commission of a crime will not authorize the jury to find a person guilty of the crime committed unless the evidence shows beyond a reasonable doubt that such person helped in the actual perpetration of the crime. The judge's instruction was not a misstatement of the law, nor was it likely to confuse the jurors as to the appropriate standard for finding guilt.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JULY 28, 2000.

*Darden & Gatch, Richard M. Darden*, for appellant.

---

[10] OCGA § 16-8-41 (a).
[11] *Jones*, supra at 364.

*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.