## A01A1771. COOK v. THE STATE.
(555 SE2d 759)

JOHNSON, Presiding Judge.

Eddie Cook was convicted of armed robbery[1] and hijacking a motor vehicle[2] for having used a handgun to take $20 and a car from Jovaun Hicks. Cook appeals, arguing that there is insufficient evidence to support the convictions, that Hicks' identification of him as the perpetrator was unreliable, and that the trial court should have charged the jury on the lesser included offense of theft by taking. The arguments are without merit, so we affirm Cook's convictions.

1. On appeal from a criminal conviction, this court no longer presumes that the appellant is innocent, and we view the evidence in the light most favorable to support the conviction.[3] Our role is not to weigh the evidence or judge witness credibility, but to determine if there is sufficient evidence from which a rational trier of fact could have found the appellant guilty of the crimes charged beyond a reasonable doubt.[4]

Viewed in the light most favorable to support Cook's convictions, the evidence shows that at 4:00 p.m., on December 30, 1998, Hicks drove his 1987 Chevrolet Caprice to an automotive shop a half-mile from his apartment in Atlanta. Hicks parked near the front of the shop and opened his car door. Before he was able to get out of the car, a man wearing a white and gray camouflage outfit and carrying a gun approached him. The man ordered Hicks to empty his pockets, so Hicks gave the gunman the $20 that he had. The man then ordered Hicks to get out of the car. When Hicks hesitated, the man hit Hicks on the head with the gun. After being hit, Hicks got out of the car as the man aimed the gun at him. The gunman then got into the car and drove away from the shop. As soon as the man left, Hicks ran into the shop and called the police.

A short time later, a police officer was sent to investigate a suspicious vehicle that had been found in a wooded area not far from the automotive shop. The officer found Hicks' car in the woods and then found Cook outside an apartment complex adjacent to the woods.

---

[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-5-44.1 (b).
[3] *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).
[4] Id.

Cook, who was wearing a white and gray camouflage outfit, ran when he saw the officer. The officer chased Cook and apprehended him.

Approximately two hours after the robbery, other officers took Hicks to the site where his car had been found and where Cook was sitting in the backseat of the arresting officer's police car. Upon seeing Cook, Hicks immediately identified him as the man who had taken his car. At trial, Hicks again identified Cook, testifying that there was no doubt in his mind that Cook was the perpetrator.

Based on our review of all the evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Cook is guilty of armed robbery and hijacking a motor vehicle.[5] Because there was sufficient evidence to support the jury's verdict, Cook has shown no basis for reversing his convictions.

2. Cook complains that the procedure whereby Hicks identified him while he was sitting in the back of the police car was impermissibly suggestive and caused a substantial likelihood of misidentification. The confrontation between Hicks and Cook was not necessarily improper, and we must consider the totality of the circumstances to evaluate the likelihood of misidentification.

> There is no per se exclusionary rule applied to pre-indictment confrontations. Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a likelihood of misidentification which offends against due process and the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, and the level of certainty demonstrated by the witness at the confrontation.[6]

Considering those factors, we find no likelihood that Hicks misidentified Cook as the person who accosted him. The crimes occurred in broad daylight at 4:00 in the afternoon. Hicks testified that his encounter with the armed robber lasted about seven minutes, that he and the man were about one and a half feet apart, and that he saw the man's face and clothing clearly. Hicks' description of the perpetrator's clothing — a white and gray camouflage outfit — matched what

---

[5] See *Anderson v. State*, 246 Ga. App. 189, 190 (1) (539 SE2d 879) (2000).

[6] *Huff v. State*, 239 Ga. App. 83, 85 (1) (519 SE2d 263) (1999).

Cook was wearing when he was found near the stolen car. And when Hicks confronted Cook about two hours after the robbery, he was certain about his identity, immediately recognizing him as the perpetrator.

Under the totality of the circumstances, the identification procedure was not unnecessarily suggestive and was not conducive to irreparable mistaken identification. The trial court therefore did not err in allowing testimony about Hicks' pre-trial identification of Cook or in allowing Hicks to identify Cook during the trial.[7]

3. Cook claims that the trial court erred in failing to give his requested charge on theft by taking as a lesser included offense of armed robbery. The claim is without merit because there was no evidence to support such a jury charge.

> The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. (But) where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.[8]

In the instant case, the state's evidence established all of the elements of Cook's armed robbery of Hicks. None of the state's evidence raised the lesser offense of a mere theft by taking, and Cook presented no evidence in his own defense. Because the evidence shows without dispute the completion of the armed robbery as charged, and there is no evidence that a weapon was not used in the robbery, Cook was not entitled to a jury charge on theft by taking as a lesser included offense.[9] The trial court thus did not err in refusing to give the requested charge.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 18, 2001.

*Richard A. Hunt*, for appellant.

---

[7] See *Self v. State*, 245 Ga. App. 270, 273 (2) (537 SE2d 723) (2000).

[8] (Citation omitted; emphasis in original.) *Smith v. State*, 244 Ga. App. 667 (1) (536 SE2d 561) (2000).

[9] See *Jones v. State*, 233 Ga. App. 362, 363-364 (504 SE2d 259) (1998). Compare *Smith*, supra at 668 (1) (defendant and victim gave differing accounts of theft, with defendant testifying that he did not use a weapon to steal money).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.