## A01A1743. SMITH v. THE STATE.
(556 SE2d 826)

ELLINGTON, Judge.

A Lowndes County jury convicted Jerome Smith of armed robbery, OCGA § 16-8-41 (a). Smith appeals, contending the trial court erred in refusing to give his requested jury charges on robbery by intimidation and theft by taking.

[7] *Cryder v. Oxendine*, 24 F3d 175, 177-178 (11th Cir. 1994).
[8] *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 119 (2) (479 SE2d 767) (1996).

> A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.

(Citations and punctuation omitted.) *Lightfoot v. State,* 227 Ga. App. 605 (490 SE2d 177) (1997). At trial, the State introduced evidence that Smith entered a convenience store on July 22, 2000, went behind the counter and demanded money. The clerk testified that Smith threatened her with a knife and said, "Don't make me kill you." The clerk opened the register, and Smith took money from the drawer.

Smith contends, correctly, that if the jury could have found from the evidence that the robbery was committed without the use of an offensive weapon, as charged, he was entitled to his requested charge on robbery by intimidation. *Smith v. State,* 244 Ga. App. 667-668 (1) (536 SE2d 561) (2000); *Espinoza v. State,* 243 Ga. App. 665, 667 (2) (534 SE2d 127) (2000). See OCGA §§ 16-1-6 (conviction for lesser included offenses); 16-8-41.[1] And if the jury could have found from the evidence that the robbery was committed with the clerk's cooperation, he was entitled to his requested charge on theft by taking. *Edwards v. State,* 264 Ga. 131, 132-133 (442 SE2d 444) (1994); *Hensley v. State,* 228 Ga. 501, 502-503 (2) (186 SE2d 729) (1972). See OCGA § 16-8-2.[2]

Smith contends the tape retrieved from the store's video surveillance camera showed that the robber's hands were empty and remained by his sides. Based on this, Smith contends there was some evidence that the robbery was committed without the use of a knife and possibly with the clerk's cooperation. A review of the videotape reveals that the surveillance system recorded still shots, not motion, and cycled automatically through four different camera views. Therefore, the videotape did not record the movements of the robber's hands during the entire incident, raising the possibility that the sur-

---

[1] OCGA § 16-8-41 (a) provides:
A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.

[2] OCGA § 16-8-2 provides: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

veillance system simply failed to capture the moment when Smith threatened the clerk with a knife. Further, although the robber's hands appeared open and down by his sides in many of the recorded frames, at times the robber can be seen putting his hands in his pockets, raising the possibility that he concealed the knife in his pocket after displaying it to the clerk.

In short, the surveillance system's failure to clearly record an image of the robber threatening the clerk with a knife does not conflict with the clerk's testimony that the robber had a knife. *Arnold v. State*, 238 Ga. App. 314, 315 (2) (518 SE2d 716) (1999). Therefore, under these circumstances, we conclude that the videotape did not constitute evidence that the robber did not use a knife to commit the robbery.[3] Because the only evidence before the court showed the completed offense of armed robbery, the trial court did not err in refusing to charge the jury on the lesser included offenses of robbery by intimidation and theft by taking. Id. See also *Lightfoot v. State*, 227 Ga. App. at 606; *Millis v. State*, 196 Ga. App. 799, 800 (3) (397 SE2d 71) (1990); *Williams v. State*, 191 Ga. App. 913-914 (383 SE2d 344) (1989). Cf. *Smith v. State*, 244 Ga. App. at 667-668 (1); *Espinoza v. State*, 243 Ga. App. at 667 (2) (charge on lesser included offense required when defendant admitted committing theft but denied using an offensive weapon).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 21, 2001.

*Langdale, Vallotton, Linahan & Wetherington, Willie J. Linahan*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Justo C. Cabral III, Assistant District Attorneys*, for appellee.

---

[3] Smith also argues the clerk's behavior during and after the robbery support the inference that the robber did not use a knife against her to obtain the money, specifically that she followed the robber out the door and watched him leave before calling 911, that she did not lock the door after the robber left, that she did not seek help from a customer who was outside pumping gas, that she did not immediately alert her sister (who was present in the store with her two small children) about the robbery or check on her nephews' condition, and that she only worked for the store for one month. Without any evidence to refute the clerk's testimony that the robber used a knife, however, the evidence still shows a completed armed robbery and did not require a charge on the lesser included offenses. *Arnold v. State*, 238 Ga. App. at 315 (2).