A05A1941. MAYFIELD v. THE STATE.
(623 SE2d 725)

ANDREWS, Presiding Judge.

Jerome Mayfield appeals from the judgment of conviction entered on jury verdicts finding him guilty of one count of making a terroristic threat, two counts of felony obstruction of a law enforcement officer, one count of misdemeanor obstruction of a law enforcement officer, and one count of driving a motor vehicle with a suspended license. For the following reasons, we find no merit to the errors enumerated on appeal and affirm.

1. In his first four enumerations of error, Mayfield claims that the guilty verdicts were not supported by sufficient evidence and were against the weight of the evidence.

The State presented the following evidence: Georgia State Patrol Officer Brian Roberts received a broadcast alerting him to be on the lookout for a possible impaired driver in a blue Chevrolet pickup truck. Officer Roberts spotted a vehicle and driver matching the description given in the broadcast, followed the vehicle for a short distance, and eventually stopped the vehicle to investigate the impaired driver report and because he observed that the vehicle had a broken windshield. The driver, who was identified as Mayfield, could

not produce a driver's license, and the officer's check on the status of Mayfield's license revealed that it was suspended. The officer observed that Mayfield had slurred speech and a strong odor of alcohol, and he asked Mayfield to perform field sobriety tests. Mayfield consented to take the tests but then refused to follow the officer's directions and began to display aggressive behavior. When the officer decided to place Mayfield under arrest for driving under the influence and driving with a broken windshield, Mayfield resisted and fled from the scene on foot, ignoring the officer's commands to stop. At that point, a local deputy sheriff, Johnny Bannister, who arrived at the scene of the stop, helped Officer Roberts chase and apprehend Mayfield. When the officers caught up to Mayfield, he aggressively came toward Officer Roberts, who sprayed Mayfield twice with pepper spray and finally had to pull his service revolver and point it at Mayfield to stop him. Mayfield then violently struggled with Officers Roberts and Bannister as they attempted to place him in the patrol car, at one point kicking Officer Roberts in the groin. Officer Roberts and an employee at the detention center where Mayfield was taken testified that, when Mayfield arrived at the detention center, he threatened to kill Officer Roberts.

The evidence was sufficient for a rational trier of fact to find Mayfield guilty beyond a reasonable doubt of: (1) misdemeanor obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (a) by fleeing when Officer Roberts first attempted to place him under arrest; (2) felony obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (b) by kicking Officer Roberts in the groin while the officer was placing him under arrest; (3) felony obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (b) by violently struggling with Officer Bannister while the officer was placing him under arrest; (4) making a terroristic threat against Officer Roberts in violation of OCGA § 16-11-37 (a) by threatening to kill the officer; and (5) driving a motor vehicle with a suspended license in violation of OCGA § 40-5-121. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit to Mayfield's claim that the trial court erred by failing to give an instruction to the jury, sua sponte, on the defense of justified use of force in self-defense. Mayfield did not request this charge, and because it was not his sole defense, the trial court was not obligated to give the charge sua sponte. *Johnson v. State*, 275 Ga. 630, 631 (570 SE2d 309) (2002). The evidence showed that Mayfield used force against the officers when he violently resisted arrest. Mayfield's primary defense at trial to the felony obstruction charges was that the pepper spray used against him by the officers caused him great physical discomfort and impaired his ability to think and respond in a rational manner. He argued that his physical resistance was a

disoriented or involuntary response to the pepper spray and therefore he lacked the required criminal intent. The trial court charged the jury on this defense by defining criminal intent, and by instructing that criminal intent was an essential element of the charged crimes and that the State had the burden of proving every essential element beyond a reasonable doubt. Moreover, the evidence at trial did not support giving a charge on the justified use of force in self-defense. The evidence showed that, because the officers were making a lawful arrest based on probable cause, they had the right to use force reasonably necessary to make the arrest, and Mayfield had no right to resist the use of such reasonable force. *Long v. State*, 261 Ga. App. 478, 479 (583 SE2d 158) (2003); OCGA §§ 16-3-20 (1); 16-3-21.

3. Mayfield contends that he is entitled to a new trial because he received ineffective assistance of counsel at trial which prejudiced his defense.

To obtain reversal of a conviction based on a claim of ineffective assistance of trial counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In addressing the claim, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. Id.; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). The trial court's finding that a defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

Mayfield claims that his trial counsel was ineffective because counsel failed to request that the trial court instruct the jury on the defense of justified use of force in self-defense. Mayfield is represented on appeal by appellate counsel appointed after trial, who filed a motion for new trial raising the issue of ineffectiveness of trial counsel and appeared at a hearing on the motion. Because the claim that trial counsel should have requested an instruction on this defense was not raised in the written motion or at the hearing, it was waived. *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987).

Mayfield contends that his trial counsel was ineffective because he failed to file a motion seeking a ruling that the officer illegally stopped his vehicle. We find no basis for concluding that there were any reasonable grounds for trial counsel to argue that the stop was illegal, and Mayfield suggests none. Accordingly, trial counsel was

not ineffective on this basis, and the trial court correctly denied Mayfield's motion seeking a new trial on this basis. *Strickland*, supra.

To the extent Mayfield claims his trial counsel was ineffective for failing to argue or to seek a jury instruction that he justifiably threatened to kill the officer, we find that trial counsel had no basis to assert this defense. Accordingly, trial counsel was not ineffective on this basis, and the trial court correctly denied Mayfield's motion seeking a new trial on this basis. *Strickland*, supra.

Finally, to the extent Mayfield contends his trial counsel was ineffective because he failed to adequately prepare for trial, Mayfield does not specifically say what trial counsel failed to do or how he was prejudiced. Accordingly, we find no basis for concluding that trial counsel was ineffective for failing to adequately prepare, and the trial court correctly denied Mayfield's motion seeking a new trial on this basis. *Strickland*, supra.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 23, 2005.

*Daniel J. Cahill, Jr.*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.