**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A1974. BYNES v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for armed robbery and harming a police dog, Devante Bynes argues that the evidence was insufficient and that the trial court erred when it refused Bynes's requests for charges on the justified use of force in self-defense and theft by intimidation as a lesser included offense. We find no merit in these assertions, but we vacate the portion of Bynes's sentence pertaining to his conviction for harming a police dog, which imposed a greater sentence than that allowed by law, and remand for resentencing.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation

omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted).

So viewed, the record shows that late on the evening of May 21, 2013, a man locked up the Savannah restaurant where he worked and began walking home through a local park. As the man did so, he noticed that Bynes and two other men, all of whom were dressed in dark clothing, were approaching him from behind. Bynes stepped in front of the victim and aimed a gun at his face. The second man ordered the victim to hand over his possessions "or we're f***king going to shoot you"; the third man stood behind the victim. Bynes and his confederates then rummaged through the victim's pockets and backpack, taking his watch, wallet, cell phone, keys, and the backpack. The men then ordered the victim to run away or risk being shot. As he ran, the victim first saw a young man on a skateboard and then a pedestrian, whom the victim asked to call 911. As the pedestrian did so, the victim looked back and saw the same three robbers surround the skateboarder. The robbers pointed a gun at the

2

second victim, demanded all his possessions, and obtained his backpack, cell phone, some marijuana, and $10 in cash.

A police detective in an unmarked patrol car with its lights out also witnessed three men surround and rob the second victim. As the robbers fled, the detective pursued them slowly by car for several blocks, noting that Bynes was wearing a sleeveless undershirt and appeared to be hiding something under it. When the robbers realized that they were being followed, they began running in different directions. The detective parked his patrol car, activated his lights, ordered the men to stop, and ran after one of Bynes's co-defendants, Josephewa Ramsey. After apprehending Ramsey, the detective went to the assistance of a canine officer, who had already apprehended co-defendant Devon Tarver and was now pursuing Bynes.

When the police dog tracked Bynes to a crawl space under a residence, the canine officer ordered the dog to go into the space and to bite Bynes, which the dog did. Before the canine officer issued a stop command, Bynes put his hands around the dog's neck and began twisting its neck. The canine officer told Bynes to stop fighting the dog, but Bynes did not do so. Instead, he continued to choke the dog until it lost consciousness and went limp. The canine officer then pulled the dog out of the crawl space and immediately took it to an animal hospital, where the dog recovered from

3

its injuries. The detective apprehended Bynes, who had suffered bite injuries to his legs and was bleeding. A search of the area produced keys, a cell phone, and a black wallet belonging to the first victim. In a cinder block near the park, police also recovered a black pistol with a magazine clip. The first victim identified Bynes at the scene as the man who had robbed him at gunpoint, and the detective identified Bynes as one of the men who had surrounded the second victim.

Bynes was charged with two counts of armed robbery and one count each of obstruction, harming a police dog, and escape. The trial court granted a directed verdict as to the obstruction count, and the escape count was nolle prossed. A jury found Bynes guilty of both counts of armed robbery and the count of harming a police dog. Bynes was convicted and sentenced to life in prison with 5 years to serve concurrently for harming the police dog. His motion for new trial was denied.

1. Bynes argues that the evidence was insufficient to support his conviction as to both (a) armed robbery and (b) harming a police dog. We disagree.

(a) Bynes attacks the jury's verdict as to the armed robbery counts by pointing out inconsistencies in the evidence against him and by attacking the credibility of the witnesses. Such matters are for the jury, and not this Court, to resolve. See *Hogan v. State*, 330 Ga. App. 596, 598 (1) (a) (768 SE2d 779) (2015). The evidence here

4

included the first victim's testimony that Bynes pointed a gun at him and demanded his possessions, the detective's testimony that he saw Bynes and the two other robbers attack the second victim, the second victim's testimony that he was also robbed at gunpoint, and Bynes's presence at and flight from the scene. This evidence was sufficient to sustain Bynes's conviction for armed robbery. *Jackson*, supra; *Hogan*, 330 Ga. App. at 598 (1) (a) (victim's testimony that defendant robbed him with a gun was sufficient to sustain a conviction for armed robbery); *Drake v. State*, 266 Ga. App. 463, 465 (1) (597 SE2d 543) (2004) (defendant's conduct before, during, and after an armed robbery supported a finding that he was guilty of aiding and abetting that crime).

(b) Bynes was charged with violating OCGA § 16-11-107 in that he "knowingly and intentionally cause[d] serious physical injury" to the dog in question. OCGA § 16-11-107 defines the offense of harming a law enforcement animal in four degrees, including as follows:

> (b) A person commits the offense of harming a law enforcement animal[1] *in the fourth degree* when he or she *knowingly and intentionally*

---

[1] OCGA § 16-11-107 (a) (6) defines a "patrol dog" as "a dog trained to protect a peace officer and to apprehend or hold without excessive force a person in violation of the criminal statutes of this state"; subsection (a) (7) defines a "police dog" as including "a patrol dog" as well as "a tracking dog used by a law enforcement agency."

*causes physical harm to such law enforcement animal* while such law enforcement animal is in performance of its duties or because of such law enforcement animal's performance of its duties. Any person convicted of a violation of this subsection shall be guilty of a misdemeanor of a high and aggravated nature and, upon conviction thereof, shall be punished by imprisonment not to exceed 12 months, a fine not to exceed $5,000.00, or both.

(c) A person commits the offense of harming a law enforcement animal *in the third degree* when he or she *knowingly and intentionally and with a deadly weapon causes, or with any object, device, instrument, or body part which, when used offensively against such law enforcement animal, is likely to or actually does cause, serious physical injury to such law enforcement animal* while such law enforcement animal is in performance of its duties or because of such law enforcement animal's performance of its duties. *Any person convicted of a violation of this subsection shall be guilty of a misdemeanor of a high and aggravated nature and, upon conviction thereof, shall be punished by imprisonment for not less than six nor more than 12 months, a fine not to exceed $5,000.00, or both.*

(d) A person commits the offense of harming a law enforcement animal *in the second degree* when he or she *knowingly and intentionally shoots a law enforcement animal with a firearm or causes debilitating physical injury to a law enforcement animal* while such law enforcement animal is in performance of its duties or because of such law enforcement animal's performance of its duties. *Any person convicted of a violation of this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, a fine not to exceed $25,000.00, or both.*

6

(Emphasis supplied.) As we have noted in other contexts, the question whether a bodily injury is serious or debilitating is one for the jury to decide. See, e.g., *Sims v. State*, 296 Ga. App. 461, 462 (1) (675 SE2d 241) (2009) (evidence that defendant struck victim with his fists was sufficient to sustain his conviction for aggravated assault because fists are objects which, "when used offensively against another person," are likely to result in serious bodily injury). "Hands and fists may be deadly weapons depending upon the circumstances, including the extent of the victim's injuries." Id. at 462 (punctuation and footnote omitted).

Bynes argues that the State did not prove that he knew that the dog that bit him was a police dog and that there was insufficient evidence of serious injury. The evidence showed, however, that Bynes was in flight from the police when he hid in a crawl space, that the officer ordered Bynes to let go of the dog, and that the dog lost consciousness as a result of Bynes's application of a chokehold on the animal. Accordingly, this jury was authorized to conclude that Bynes was guilty of knowingly and intentionally causing serious physical injury to the police dog at issue here.

2. Although Bynes has not raised the matter on appeal, our review of the record shows that the five-year portion of his sentence for harming a police dog exceeded

7

the statutory guidelines for the crime with which he was charged. Because Bynes's sentence on this charge was therefore void, we vacate that portion of his sentence and remand for resentencing.

Bynes was indicted under OCGA § 16-11-107, without reference to a subsection, for "the offense of harming a police dog" in that Bynes, "on or about the 21st day of May, 2013, did knowingly and intentionally cause *serious physical injury*" to the police dog in question. (Emphasis supplied.) See OCGA § 16-11-107 (c), (d) (distinguishing between second- and third-degree harm to a police dog by whether the dog received "serious" or "debilitating" physical injuries). Bynes was not charged, in other words, with causing debilitating physical injury to the dog. Id.

At the outset of its charge to the jury, the trial court noted only that Bynes had been indicted for offenses including that of "harming a police dog," and that "the indictments on the one hand and [the defendants'] pleas of not guilty on the other hand form the issues that you are about to decide in this case." The trial court also noted that a copy of the indictment would be sent out during the jury's deliberations. The trial court later charged the jury, however, that the crime of harming a police dog consisted of "knowingly and intentionally caus[ing] *serious or debilitating* physical injury to a police dog, knowing said dog to be a police dog." (Emphasis supplied.)

8

The jury found Bynes guilty of two counts of armed robbery and one count of "harming a police dog" without making any reference to the degree of injury suffered by the dog. Bynes was convicted on these three counts and sentenced to two concurrent life terms as to the armed robberies and five years, also concurrent, for harming a police dog.

It is axiomatic that, as the trial court noted, the indictment and the pleas of not guilty "form the issue which [a jury is] trying [and] will determine by [its] verdict." *Gray v. State*, 66 Ga. App. 50 (16 SE2d 916) (1941); see also Council of Superior Court Judges, Suggested Pattern Jury Instructions (2007 ed.), § 1.10.20; *Zilinmon v. State*, 234 Ga. 535, 537-538 (5) (216 SE2d 830) (1975). "[An] indictment which does not recite language from the Code must allege every essential element of the crime charged." *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198 (1995). Here, Bynes was charged only with "knowingly and intentionally caus[ing] serious physical injury" to the police dog in violation of OCGA § 16-11-107, without a specification of subsection, and there is no evidence that the jury considered or determined whether Bynes had knowingly caused "debilitating" injury to the dog under OCGA § 16-11-107 (d), which is a felony and carries a maximum sentence of five years. Rather,

9

Bynes was indicted for causing "serious" injury to the dog, which is defined as a misdemeanor under OCGA § 16-11-107 (c).

"A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (citation omitted). "'To allow the defendant to serve a sentence for a criminal conviction that has been identified as illegal and void would not comport with fundamental fairness and due process of law.'" *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013), quoting *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013). We are empowered to correct a void sentence "'even where it was not raised in the trial court and is not enumerated as error on appeal.'" *Hulett v. State*, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014), quoting *Nazario*, 293 Ga. at 486 (2) (b). Because Bynes was sentenced for a crime not charged in the indictment, and therefore not considered by this jury, we vacate that portion of Bynes's sentence imposed for causing debilitating injury to a police dog under OCGA § 16-11-107 (d) and remand to the trial court for resentencing for causing serious physical injury to a police dog under OCGA § 16-11-107 (c). See *Smith*, 266 Ga. at 55-56 (3) (granting habeas relief to petitioner convicted of aggravated assault when indictment did not charge petitioner with that crime and was thus fatally defective). Compare *Pitts v. State*, 287 Ga. App. 540, 546-

547 (3) (b) (652 SE2d 181) (2007) (where child molestation conviction merged into a rape conviction based on the same act as a matter of fact, defendant could not be separately sentenced for child molestation, such that no remand for resentencing on that count was necessary).

3. Bynes argues that the trial court erred when it denied his request for instructions on (a) the justified use of force in self-defense as to the charge of harming the police dog and (b) theft by intimidation as a lesser included offense of the armed robbery charge. We disagree.

(a) OCGA § 16-3-21 (b) (2) provides in relevant part that a person "is not justified in using force" if he is "attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." This Court has thus held that when officers are "making a lawful arrest based on probable cause, they [have] the right to use [that] force reasonably necessary to make the arrest," and that under such circumstances, the arrestee has "no right to resist the use of such reasonable force." *Mayfield v. State*, 276 Ga. App. 544, 546 (2) (623 SE2d 725) (2005), citing *Long v. State*, 261 Ga. App. 478, 479 (1) (583 SE2d 158) (2003). It follows that a fleeing defendant who uses force in resisting his own arrest for a felony he has just committed is not entitled to an instruction on the justified use of force in self-defense. *Mayfield*, 276 Ga. App. at 546 (2). The fact that Bynes may have had what he

11

considers an "involuntary" reaction to the dog's bite does not change this result. See id. (defendant charged with felony obstruction after resisting arrest was not entitled to a jury charge on self defense despite his claim that the pepper spray used by officers made his violent reaction "disoriented or involuntary").

(b) A defendant is entitled to a charge on theft by intimidation if a jury could have found that a robbery "was committed without the use of an offensive weapon." *Smith v. State*, 252 Ga. App. 552, 553 (556 SE2d 826) (2001). "'However, where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.'" Id., quoting *Lightfoot v. State*, 227 Ga. App. 605 (490 SE2d 177) (1997). Here, Bynes did not testify in his own defense, and there was no evidence suggesting that the robbery of either victim was accomplished only by intimidation rather than the use of a gun. It follows that the trial court did not err when it denied Bynes's request for a charge on robbery by intimidation. *Smith*, 252 Ga. App. at 554 (when "the only evidence before the court showed the completed offense of armed robbery," the court did not err in refusing a request to charge on robbery by intimidation and theft by taking).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Andrews, P. J., and Miller, P. J., concur.*